CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 2 2007

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KELVIN LEANDER SELLERS,<br>  Petitioner, | Civil Action No. 7:06CV00623 |
| v. | MEMORANDUM OPINION |
| COMMONWEALTH OF VIRGINIA,<br>  Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner, Kelvin Leander Sellers, a Virginia Department of Corrections inmate proceeding pro se, brings this action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12 and 56(b), to which Sellers filed a timely response, making the matter ripe for the court's consideration. Upon careful review of the state court records and the pleadings and exhibits submitted by the parties, the court concludes that the motion to dismiss must be granted.

## I. Procedural History

On August 30, 2004, Sellers was indicted by a grand jury for grand larceny in violation of Va. Code Ann. § 18.2-95 (1950). The Circuit Court of the City of Danville conducted a bench trial of the charges against Sellers on September 21, 2004, and November 17, 2004. At the close of the evidence, the court found Sellers guilty as charged in the indictment. The Commonwealth's evidence at trial included three witnesses who observed a surveillance tape in which Sellers voided sales and pocketed cash register money, cash register receipts with Sellers' employee number, and a written confession by Sellers. On December 14, 2004, the court imposed a sentence of ten (10) years with five (5) years suspended.

1

Sellers appealed to the Court of Appeals of Virginia, alleging that the evidence was not sufficient to support his conviction. The Court of Appeals denied Sellers an appeal by order dated October 4, 2005. Sellers then demanded review by a three-judge panel of the same court. The panel also denied Sellers's petition for appeal by order dated December 15, 2004. Sellers appealed this decision to the Supreme Court of Virginia, which refused his petition to appeal on May 25, 2006. On October 19, 2006, Sellers filed the present § 2254 petition for writ of habeas corpus.

## II. Standard of Review

Respondent admits that Sellers properly exhausted his state court remedies. Therefore, this court may address these claims under the standards set forth in 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Section § 2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying the interpretation of this standard of review set forth by the Supreme Court of the United States in Williams v. Taylor, 529 U.S. 362, 413 (2000), a state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case

2

differently than [the Supreme] Court on a set of materially indistinguishable facts." See also Lovitt v True, 403 F.3d 171 (4th Cir. 2005), cert denied, 126 S. Ct. 400 (2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc).

A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams court stressed that Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); see also McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves).

In addition, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Analysis

In Ground One of his federal habeas petition, Sellers contends that the evidence was insufficient to prove that any crime was committed and that Sellers was the criminal agent. Pet.'s Compl. 6. In Ground Two, Sellers claims that the Court of Appeals erred in concluding that the evidence was sufficient to prove that any crime was committed or that Sellers was the

3

criminal agent and that the Court of Appeals erred in treating Mr. Seller's argument as merely an attack on the credibility of the witness. Id. at 8. In his response, Sellers suggests that there was "no money missing" from the Fas Mart and that Fas Mart simply had a "bad inventory." Pet.'s Resp. 1. He also claims that the government witnesses, "should have been evidence enough . . . that there was a problem there." Id. Sellers specifically points to government witness, Rita Williams, suggesting that her managerial incompetence created the "bad inventory." Id. Sellers also questions the validity of the evidence used in the trial such as a statement "written by [the] [d]etective" and the surveillance tapes.[1] Id. at 2.

Turning to the merits of Sellers' insufficiency of the evidence claims, this court notes that evidentiary sufficiency is a federal constitutional claim. Jackson v. Virginia, 443 U.S. 307, 321 (1979). A criminal defendant may only be convicted upon proof beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). In light of Winship, the Supreme Court has held that when reviewing a state court conviction, a federal habeas court must consider whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. This court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the evidence presented. United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982). In reviewing the sufficiency of the evidence, this court does not weigh the evidence nor consider the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). Under Virginia law, a person is guilty of grand larceny if he commits

---

[1] Sellers requests in his original petition and in his response that the court "acquit him;" however, a habeas corpus proceeding is not a trial of guilt or innocence and the findings of the habeas court do not constitute an acquittal. 39 C.J.S. Habeas Corpus § 6.

simple larceny not from the person of another of goods and chattels of the value of $200 or more. Va. Code Ann. § 18.2-95 (1950).

With these principles in mind, the court concludes that there is evidence from which the state courts[2] could reasonably have concluded that the requisite elements of the grand larceny statute were satisfied beyond a reasonable doubt. The Virginia Court of Appeals, addressing Sellers' sufficiency of the evidence claim and viewing the evidence in the light most favorable to the Commonwealth, found as follows:

> Appellant worked as a cashier at a Fas Mart store. Rita Williams, another store employee, testified she noticed that store sales had dropped for one week in June 2004. Williams and the district manager looked at cash register tapes for the relevant time period and discovered a number of voided sales made by someone using appellant's cashier number. In addition, the proper procedure for processing voided sales had not been followed with these voids.
>
> Williams also viewed a video recording of the cash register area made on June 18, 2004. She observed appellant holding cash received from a customer in his left hand. After the customer left the store, appellant put his hand in his pocket and moved out of the view of the camera. When he returned to the cash register, he had no money in his hand. Williams also described instances on the recording where appellant voided sales of "high dollar" items such as a carton of cigarettes of a twelve pack of beer.
>
> When Williams confronted appellant about her observations, he initially denied "all of it." However, appellant later asked Williams if he could pay for some cigarettes. Appellant also wrote Williams a letter "apologizing for his actions."
>
> Appellant gave Detective High a signed statement in which he admitted that on fifteen to twenty occasions, he took money from a customer, rang up the sale, then voided the sale, pocketing the customer's money for a total of about $400.

---

[2] Because the Supreme Court of Virginia's order denying Sellers' appeal is silent as to the grounds for dismissal, this court presumes for habeas purposes that the Supreme Court of Virginia adopted the reasoning of the lower court. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

5

Sellers v. Commonwealth, No. 2989-04-3 (Va. Ct. App. October 4, 2006). The Virginia Court of Appeals concluded that, even though "evidence was presented that the store had cash shortages on other occasions," the evidence was "sufficient to prove beyond a reasonable doubt that appellant committed the charged offense." Id.

Taking the evidence in the light most favorable to the prosecution, this court concludes that a rational trier of fact could find beyond a reasonable doubt all necessary elements of grand larceny. Jackson, 443 U.S. at 319. The evidence of Sellers' statement, the testimony concerning the register tapes, and Sellers' actions recorded on video, taken in the aggregate, is legally sufficient to support a finding of Seller's guilt beyond a reasonable doubt. Clearly, the trial court found the government witnesses and Sellers' signed confession credible and did not find the defense argument concerning Fas Mart's previous cash shortages compelling. This court is limited to reviewing whether *any* rational trier of fact *could have* found the essential elements of the crime beyond a reasonable doubt and does not weigh the evidence nor consider the credibility of witnesses. Because this court does not find that Sellers' concerns in his original petition and response prevent a reasonable fact-finder from finding guilt beyond a reasonable doubt, his petition for writ of habeas corpus must be denied.

## IV. Conclusion

After thoroughly reviewing the record, the court cannot find that the Virginia courts' decision was contrary to federal law or that the courts' disposition of Sellers' sufficiency of the evidence claim was an unreasonable application of federal law. The court also holds that the state courts' adjudication was not based on an unreasonable determination of the facts in light of the evidence presented. Therefore, the court finds that Sellers is not entitled to § 2254 relief on the

ground that there was not sufficient evidence to support his conviction. Accordingly, the government's motion to the dismiss will be granted and an appropriate Order issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Fed. R. App. P. 3 and 4, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Fed. R. App. P. 22(b). See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within thirty (30) days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Fed. R. App. P. 4(a)(5).

ENTER: This 12th day of March, 2007.

Hon. James C. Turk,
Senior United States District Judge